**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,                                   Crim. No. 16-169 (MJD/BRT)

        Plaintiff,

v.

**REPORT AND RECOMMENDATION**

(5)  Ernest Jerelle Thomas,
also known as Rel Rel,

        Defendant.

---

Jeffrey S. Paulsen, Esq., Assistant United States Attorney, counsel for Plaintiff.

Richard J. Malacko, Esq., Malacko Law Office, counsel for Defendant.

---

This matter is before this Court on Defendant Ernest Jerelle Thomas's Motion for Severance of Defendant (Doc. No. 130). This Court held a hearing on the motion on November 4, 2016. (Doc. No. 141.) The matter was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons stated below, this Court recommends that Defendant's motion be denied.

## BACKGROUND

The Government alleges that Defendant Thomas, along with four co-Defendants, conspired to distribute heroin. (Doc. No. 24, Am. Indictment.) Defendant Thomas faces one count of Conspiracy to Distribute Heroin in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), and two counts of Distribution of Heroin in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18 United

States Code, Section 2. (*Id.*) The Government is prosecuting all five co-Defendants in this consolidated proceeding.

## DISCUSSION

Defendant Thomas has filed a motion for severance requesting that he receive a separate trial from his co-Defendants. (Doc. No. 130.) Defendant Thomas does not allege any specific or particularized ways in which a joint trial would prejudice him; instead, the entirety of Defendant's argument is as follows:

> Defendant, Ernest Thomas, through counsel, moves pursuant to Fed. R. Crim. P. 8 and 14 for an order severing his trial from that of his co-defendants on the grounds that joinder is not proper and failure to sever his case would prejudice his right to a fair trial.
>
> This motion is based on the indictment, the records and files in the above-entitled action, and any and all other matters which may be presented prior to or at the time of the hearing of said motion.

(*Id.*) Defendant's counsel added nothing further to his argument at the hearing. The Government opposes the motion and points to a strong policy interest in joint trials for co-conspirators as well as the high standard under which severance is warranted. (Doc. No. 135.)

Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses. Fed. R. Crim. P. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together . . . [because] [t]hey promote efficiency and serve the interests of justice by avoiding the scandal and inequality of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (internal quotation marks and

2

citation omitted). Persons charged with conspiracy should generally be tried together, and it will rarely be improper to join co-conspirators in a single trial. *United States v. Kime*, 99 F.3d 870, 880 (8th Cir. 1996); *United States v. Stephenson*, 924 F.2d 753, 761 (8th Cir. 1991), *cert. denied*, 502 U.S. 813 (1991). A court may grant a severance, however, where a defendant shows that he is prejudiced by a joint trial. *United States v. Patterson*, 140 F.3d 767, 774 (8th Cir. 1998); *see* Fed. R. Crim. P. 14. A court should "grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Where evidence is admissible against some defendants and not others, the use of limiting instructions almost always is sufficient. *United States v. McDougal*, 137 F.3d 547, 557 (8th Cir. 1998).

Because Defendant Thomas has not pointed to any particularized threats of prejudice, this Court recommends that severance be denied.

## RECOMMENDATION

Based on the file, records, and submissions herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Ernest Jerelle Thomas's Motion for Severance of Defendant (Doc. No. 130) be **DENIED**.

Date: November 29, 2016

                                                    *s/ Becky R. Thorson*
                                                    BECKY R. THORSON
                                                    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b), any party may file and serve specific written objections to this Report and Recommendation by **December 13, 2016**. A party may respond to those objections within **fourteen days** after service thereof. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 7 days from the date of its filing. If timely objections are filed, this Report will be considered under advisement from the earlier of: (1) 7 days after the objections are filed; or (2) from the date a timely response is filed.

**Transcript:** Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.